**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND of the HEALTH AND WELFARE DEPARTMENT of the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>ALPINE ASPHALT PAVING, INC., <br><br>　　　　Defendant. | Case No. 07 C 4464 <br><br> Judge Shadur |

**PLAINTIFFS' MOTION TO REINSTATE AND FOR DAMAGES
CONSISTENT WITH THE PARTIES' SETTLEMENT AGREEMENT**

Plaintiffs, the Laborers Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Laborers' Funds"), request that this Court reinstate this cause and enter judgment in a sum certain against defendant Alpine Asphalt Paving, Inc. ("Alpine") in the total amount of $23,357.94. In support of this motion, plaintiffs state as follows:

　　1.　　On August 8, 2007, this cause of action was filed under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1143 and 1132(g)(2) and under the Labor management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a) seeking unpaid contributions owed to the Laborers' Funds. On December 19, 2007, this Court dismissed this cause retaining jurisdiction to enter judgment under the Settlement Agreement. A copy of the Order to Dismiss is attached as Exhibit 1.

　　2.　　On December 18, 2007, Alpine, by its President Roger Groanson signed a Settlement Agreement and Release permitting the plaintiffs to reinstate this cause if necessary in the event of

default. The Settlement Agreement and Release, attached here to as Exhibit 2, provides that upon default, the Funds may "declare the entire unpaid amounts due and accelerate collection of the total balance owed." (Exh. 2 ¶4.) It further provides that on motion and notice of motion to the Company's attorney, Todd Miller, the plaintiffs shall be entitled to entry of judgment. Notice of plaintiffs' motion has been served to defendant's counsel, Todd Miller.

3. The parties also agreed that upon default Roger Groanson shall be named as a defendant in the lawsuit, agreeing to waive filing of an amended complaint and service of summons. In addition, neither Alpine nor Roger Groanson are permitted to raise defenses in opposition to plaintiffs' motion. (Exhibit 1, ¶¶ 4,5).

4. There is no question that Alpine Asphalt is in default on the note. (See Settlement Agreement, Exhibit 2 ¶4). The Settlement Agreement provides for installment payments to be paid covering a delinquency of $39,049.77, for the period from April 1, 2004 through September 30, 2006 and June 2007 through October 2007. Rocco Marcello, the Funds' Field Representative assigned to collect contributions owed by Alpine, among others, establishes that installment note payments were not received for the months of April, May and June 2008 and the current balance owed under the Installment Note is $24,318.84. (Marcello Affidavit, Exhibit 3, ¶5).

5. In addition, because of the delinquent note payments, liquidated damages and interest are due as shown by Mr. Marcello's affidavit, and as established by the Installment Note. (Exhibit 2, ¶9). The amount of $1,716.60 is due in penalties for the failure to submit timely note payments. (Exhibit 3, ¶6). 1430.

6. The Settlement Agreement in paragraph 5 provides that attorneys' fees will be included in a judgment for the Funds' efforts to obtain compliance with this Settlement Agreement.

Reasonable attorneys' fees are established by an affidavit of Wesley Kennedy, plaintiffs' counsel, in the total amount of $1,322.50. (See, Affidavit of Wesley Kennedy, attached hereto as Exhibit 4.

**Wherefore,** plaintiffs request the entry of a judgment order for a total judgment against Alpine Asphalt Paving, Inc., and Roger Groanson in the amount of $27,357.94, and ordering Alpine Asphalt Paving, Inc. to pay current contributions and obtain and maintain a surety bond.

    Respectfully submitted,

    /s/ Josiah A. Groff
    One of plaintiffs' attorneys

Wesley G. Kennedy
Karen I. Engelhardt
Angie Cowan
Josiah Groff
Allison, Slutsky & Kennedy, P.C.,
230 W. Monroe Street
Suite 2600
Chicago, IL 60606
(312) 364-9400

August 20, 2008